UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 18-61380-CIV-COOKE/HUNT

MATTHEW HYLTON,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Movant Matthew Hylton's Motion to Vacate

Sentence pursuant to 28 U.S.C. § 2255.  ECF. No. 1.  The Honorable William J. Zloch

previously referred this case to the undersigned United States Magistrate Judge for a

report and recommendation regarding disposition of all dispositive motions.[1]  ECF No. 4;

*see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1.  Having carefully reviewed the Motion,

the Response, the Reply, oral argument of counsel, the entire case file, and applicable

law, and being otherwise fully advised in the premises, the undersigned hereby

RECOMMENDS that Hylton's motion be DENIED.

### I.    Background

A Homeland Security Special Agent ("Agent") began investigating Hylton when a

background check related to an application for immigration benefits for his mother showed

that he had a criminal background.  ECF. No. 7 at 2.  Upon requesting his application for

---

[1] Judge Zloch recused himself from the instant case. The case was reassigned to Judge
Marcia G. Cooke for all further proceedings. ECF No. 14.

naturalization (Form N-400), the agent found that Hylton's application had been approved on September 2, 2008.  *Id.*  On this form, Hylton answered questions about his moral character, including an affirmation that he had not committed any crime for which he had not been arrested.  *Id.* at 3.  Furthermore, on his notice of naturalization ceremony form (Form N-445), which asked for updated answers after his naturalization interview, Hylton again affirmed that he had not committed any crime or offense for which he had not been arrested.  *Id.*  He also certified on Form N-445 that his answers were true and correct as of the date of the swearing-in ceremony.  *Id.*  Hylton was sworn in and naturalized on September 16, 2008.  *Id.*

The agent gathered documents from Hylton's criminal case, including the indictment, the judgment and conviction order, and the change of plea transcript.  The first count in the two-count indictment charged that Hylton and a codefendant, on or about September 10, 2008, aided and abetted another person in committing armed bank robbery.  The second count charged Hylton with transferring a firearm knowing that it would be used in a crime of violence.  Specifically, the indictment alleged that Hylton drove two individuals to the bank on the day of the robbery, planned the robbery with one of the individuals, and provided a firearm for use during the armed bank robbery.  Hylton also made a false report to the Fort Lauderdale Police Department that his gun had been stolen.  Upon arrest Hylton provided a full confession, admitting to his role as an organizer, planner, and weapon supplier in the robbery.  *Id.*  Hylton was convicted on both counts after a guilty plea.  *Id.* at 4-5.

Based on these facts, on July 12, 2011, a grand jury indicted Hylton on one count of Obtaining Citizenship by Fraud, in violation of 18 U.S.C. §1425(a).  ECF No. 7 at 1.

2

Hylton proceeded to trial on September 19, 2011.  ECF No. 3 at 3.  During trial, a United States Citizenship and Immigration Services ("USCIS") supervisor testified that in order to obtain citizenship, a person must, among other factors, be of "good moral character."  ECF No. 7 at 5-6.  He further testified that a person is not of "good moral character" if he committed unlawful acts.  *Id.* at 6.  Finally, he stated that transferring a firearm and aiding and abetting a bank robbery are not indicative of good moral character.  *Id.*  On September 20, 2011, the jury convicted Hylton.  *Id.*  On December 1, 2011, the District Court sentenced Hylton to ten months' imprisonment to run consecutively to the 132-month armed bank robbery sentence, followed by three years of supervised release; imposed a $100 special assessment; and entered an order revoking his citizenship.  *Id.* at 1-2.  Hylton appealed his conviction to the United States Court of Appeals for the Eleventh Circuit, which affirmed his conviction on August 16, 2012.  *Id.* at 2.

On June 20, 2018, Hylton filed the instant motion to vacate his sentence pursuant to 28 U.S.C. §2255, raising one ground for relief: that "[t]he United States Supreme Court created a new substantive right in *Maslenjak v. United States*, 137 S. Ct. 1918 (2017), which is retroactively applicable to Movant and requires a vacation of his conviction." ECF No. 1 at 4.  Hylton also filed a memorandum of law in support of the Motion.  ECF No. 3.

**II.    Analysis**

28 U.S.C. §2255 provides a one-year period for filing for relief under that section. The limitation period runs from the latest of:

(1) the date on which the judgment of the conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the
> Supreme Court, if that right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f) (2008).

In the instant case, Hylton argues that his Motion is timely because *Maslenjak* created a substantive new right that should be applied retroactively. ECF No. 3 at 3. Further, he argues that based on the holding in *Maslenjak*, the jury was not properly instructed at trial regarding the requirement of materiality. *Id.* at 12. The Government counters that *Maslenjak* does not apply retroactively and thus cannot be applied to Hylton's case. Therefore, Hylton's Motion to Vacate was untimely filed. Even if the Motion were not procedurally barred, the Government argues, the jury was properly instructed regarding materiality even after the Supreme Court's decision in *Maslenjak*.

a. **Procedural Bar:  Timeliness.**

It is uncontested that Hylton filed his Motion more than one year after his conviction became final (in 2012). Movant argues that his Motion is nonetheless timely filed under subsection (3) of § 2255(f), that is, that the Motion was filed within one year of the decision in *Maslenjak*, and that *Maslenjak* announced a new right retroactively applicable to cases on collateral review. The Government disagrees.

To determine whether a case applies retroactively, a court must first determine whether the case announces a new rule. *Teague v. Lane*, 489 U.S. 288, 301 (1988). A case announces a new rule when "it breaks new ground or imposes a new obligation on States or the Federal Government," or leads to a "result [that] was not dictated by precedent existing at the time the defendant's conviction became final." *Id.*

4

Next, the court must determine if the new rule is an exception to the general prohibition on the retroactive application of new rules on collateral review. *Id.* at 305. The first exception applies when the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe." *Id.* at 307 (quoting *Mackey v. United States*, 401 U.S. 667, 692 (1971)). The second exception applies to "watershed rules of criminal procedure." *Id.* at 311. The *Teague* court further clarified that the criminal procedure at issue "must implicate the fundamental fairness of the trial" and that the second exception is limited to "new procedures without which the likelihood of an accurate conviction is seriously diminished." *Id.* at 312-13.

The clearest indication that a Supreme Court decision creates a new rule that is intended to apply retroactively is, of course, when the Supreme Court says so. The Supreme Court in *Maslenjak* did not offer any guidance on the issue. Therefore, it is the duty of the district court to determine in the first instance whether a new Supreme Court decision interpreting a federal statute announces a retroactively applicable new rule. *See Ross v. United States*, 289 F.3d 677, 680–81 (11th Cir. 2002) (affirming district court's ruling that a Supreme Court decision applied retroactively to cases on collateral review).[2] Here, Hylton argues that *Maslenjak* creates a new substantive right that should be applied retroactively. ECF No. 3 at 7.

*Maslenjak* reviewed a Sixth Circuit §1425 case where the trial court did not instruct on materiality. *See Maslenjak*, 137 S. Ct. at 1927. The Supreme Court's holding is succinctly stated in the first paragraph of the opinion:

---

[2] At least one District Court has held that the holding in *Maslenjak* "is not a new rule of constitutional law subject to retroactive application." *United States v. Miles*, No. CR-06-00096-001-HE, 2018 WL 3203148 at *4 (W.D. Okla. June 20, 2018).

> We hold that the Government must establish that an illegal act by the defendant played some role in her acquisition of citizenship. When the illegal act is a false statement, that means demonstrating that the defendant lied about facts that would have mattered to an immigration official, because they would have justified denying naturalization or would predictably have led to other facts warranting that result.

137 S.Ct. at 1923. In short, the Court held that § 1425 includes a materiality element, and therefore the jury must be so instructed.

The undersigned finds that *Maslenjak* does not create a newly recognized right, and thus cannot be retroactively applied. First, although there are "very few cases analyzing §1425," *U.S. v. Chahla*, 752 F.3d 939, 946 (11th Cir. 2014), existing precedent nonetheless demonstrates that *Maslenjak* does not create a new rule, but only provides a clarification of existing law. In deciding *Chahla*, the Eleventh Circuit adopted the reasoning in *United States v. Alferahin*, 433 F.3d 1148, 1151 (9th Cir. 2006), which reversed appellant's conviction because the district court did not provide an instruction on the element of materiality in a §1425 prosecution. The *Alferahin* court held that 18 U.S.C. §1425(a) contained a materiality requirement. *Id.* at 1156. Further, the court held that in order to obtain a conviction under the statute, the government would have to prove:

> (1) That the false information provided by the defendant has a tendency to suggest that he was qualified for naturalization, (2) that the production of truthful information would have led to the discovery of facts relevant to the alien's petition for naturalization, and (3) that there must be evidence sufficient to "give rise to a 'fair inference'" that the applicant was statutorily ineligible for naturalization.

*Id.* at 1154-55 (quoting United *States v. Puerta*, 982 F. 2d 1297 (9th Cir. 1992); *Kungys v. United States*, 485 U.S. 759, 783 (1988)). The majority of Circuits that have addressed this issue agreed that §1425 requires a showing of materiality. [3]

---

[3] First, Fourth, Seventh and Ninth Circuit precedents already required a showing of materiality. Only the Sixth did not. *See Maslenjak* at 1924 n. 1.

*Maslenjak* did not create a new rule.  Rather, the Supreme Court simply resolved a split in the circuits, confirming that the majority of circuits had it right.  Because *Maslenjak* did not create new law, there is no need to consider the retroactivity factors. Moreover, as discussed below, the district court in this case instructed the jury in conformity with the existing majority view confirmed by *Maslenjak*.   There can therefore be no real argument in this case that the holding in *Maslenjak* affected "the fundamental fairness of the trial" or that the "likelihood of an accurate conviction is seriously diminished."  *Teague*, 489 U.S. at 312-13.  Because *Maslenjak* did not create a new rule that must be applied retroactively, Hylton's Motion is untimely, and is procedurally barred.

**b.  Adequacy of the Jury Instructions.**

Even if Hylton's Motion had been timely filed, it would still fail on the merits.   As stated above, the *Maslenjak* Court vacated a conviction because the jury was not instructed *at all* regarding the materiality of the false statement.   Here, Hylton argues that this jury was not properly instructed at trial sufficiently to satisfy the *Maslenjak* requirement of materiality.   ECF No. 3 at 12.   He argues that even though the jury instructions discussed materiality, the *Maslenjak* court requires that three elements, outlined in the opinion, be given as jury instructions.  *Id.*  Therefore, Hylton argues, the jury instructions given in this case, which only required that the jury find that the false statement was material, were not adequate.  *Id.*

Despite Hylton's arguments, the undersigned finds that the jury was properly instructed in accordance with *Maslenjak*.  The *Maslenjak* court reasoned that, in order to support a §1425 conviction based on a false statement, the Government must show "that the defendant lied about facts that would have mattered to an immigration official,

because they would have justified denying naturalization or would predictably have led to other facts warranting that result." *Maslenjak*, 137 S. Ct. at 1923.  In his memorandum, Hylton focuses on the latter clause, arguing that "the Government could not prove . . . that inquiry would predictably have yielded a legal basis for rejecting [his] citizenship application."  ECF No. 3 at 10.

At Hylton's trial, the jury was instructed that in order to convict, it had to find beyond a reasonable doubt:

> First, that the defendant knowingly procured or attempted to procure his naturalization;
> and Second, that the defendant did so contrary to law.
>
> . . .
>
> An applica[nt] for naturalization acts contrary to law when in an attempt to procure naturalization he knowingly makes a false statement regarding a material fact.
>
> A false statement is material under 18 USC Section 1425(a) if, one, a truthful statement would have led to the discovery of facts relevant to the applicant's petition for naturalization; and two, those facts would have raised a fair inference that the applicant was statutorily ineligible for naturalization.
>
> The word knowingly, as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake of any mistake or accident.

ECF No. 7 at 13.

The undersigned finds that the jury was adequately instructed under the *Maslenjak* standard.  The jury was instructed that a false statement is material if "a truthful statement would have led to the discovery of facts relevant to the applicant's petition for naturalization."  This meets the first part of *Maslenjak's* formulation.  Next, the jury was instructed that a fact is material if "those facts would have raised a fair inference that the

applicant was statutorily ineligible for naturalization."   Although this instruction did not presciently track the language used in *Maslenjak* verbatim, it conveys the same message: that investigation into the alleged material facts would have produced a legal basis for rejecting the citizenship application.   Therefore, the *Maslenjak* requirements were met, and the jury was instructed properly.[4]

Finally, an error is not reversible if a movant does not show with reasonable probability that, but for improperly instructing a jury, it would have found him not guilty. *United States v. Escobar*, 753 F. App'x. 628, 631 (11th Cir. 2019) (citing *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005)).   The issue in *Escobar* was whether the improper jury instructions, for the purposes of a conviction under 18 U.S.C. §1425(a), constituted reversible error.   *Id.* at 631.   The *Escobar* court held that because the appellant's "false statements pertained directly to his good moral character," he had "failed to show a reasonable probability that, but for the erroneous jury instruction, the jury would have found him not guilty."   *Id.*   Therefore, although the undersigned finds that the jury was properly instructed, Hylton nevertheless failed to demonstrate with reasonable probability that, but for an allegedly erroneous jury instruction, the jury would have found him not guilty.

---

[4] In his Reply and at oral argument, counsel also argued that the instructions in this case ignored the "third element" discussed in *Maslenjak*, that is, the affirmative defense that a defendant "notwithstanding such an objective likelihood" of denial of citizenship was nonetheless qualified to become a U.S. citizen.   ECF No. 16 at 9-12; *Maslenjak* at 1931. But this "element" is not a newly minted element of proof required by *Maslenjak*. It is simply a recognition of the existence of a possible affirmative defense in some §1425 cases, but which had no apparent evidentiary basis in this case.   *See* ECF No. 16 at 12-13.   The Court itself noted that this affirmative defense is nothing new.   *Maslenjak* at 1930 ("We have never read a statute to strip citizenship from someone who met the legal criteria for acquiring it. . . .  We will not start now.") (citations omitted).   It therefore cannot be relied upon as a "new rule" to establish timeliness.

**III.     Recommendation**

Based upon the foregoing, the undersigned hereby RECOMMENDS that Hytlon's § 2255 motion be DENIED.   First, Hylton's Motion was untimely filed, because *Maslenjak* did not create a newly recognized right that can be retroactively applied.  Second, the jury was properly instructed in accordance with the holding of *Maslenjak*.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 29th day of August, 2019.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Marcia G. Cooke
All Counsel of Record